FORM B104 (08/07)                                                       2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>U.S. Trustee for the Central District of California, Region 16 | **DEFENDANTS**<br>Hao Wang |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Everett L. Green<br>Office of U.S. Trustee - 3801 University Ave., Ste. 720<br>Riverside, CA 92501 (951) 276-6990 | **ATTORNEYS** (If Known)<br>Sam X J Wu, Law Offices of Sam X.J. Wu, APC<br>8600 Utica Ave., Bld. 100<br>Rancho Cucamonga, CA 91730 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☑ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to deny discharge pursuant to 11 U.S.C. 727(a).

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[x] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Hao Wang | **BANKRUPTCY CASE NO.** <br> 6:18-bk-14917 | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Riverside | **NAME OF JUDGE** <br> Hon. Scott C. Clarkson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** <br> see attached | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> **/s/ Everett L. Green** | | |
| **DATE** <br> 10/11/19 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Everett L. Green | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Related Adversary Proceedings | | | | | |
|---|---|---|---|---|---|
| **Plaintiff** | **Defendant** | **Adversary Proceeding No.** | **District in which Adversary is Pending** | **Divisional Office** | **Name of Judge** |
| Sufen Huang | Hao Wang | 6:18-ap-01175 | Central | Riverside | Scott C. Clarkson |
| Tingting Shao | Hao Wang | 6:18-ap-01177 | Central | Riverside | Scott C. Clarkson |

PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Everett.L.Green@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>HAO WANG,<br><br><br>                    Debtor. | Case No. 6:18-bk-14917-SC<br><br>Chapter 7 |
| UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA, REGION 16,<br><br>                    Plaintiff,<br><br>        v.<br><br>HAO WANG,<br><br><br>                    Defendant. | Adversary No. Will Be Assigned<br><br>**COMPLAINT TO DENY DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(3), (a)(4), (a)(5) & (a)(6)**<br><br>(Summons To Be Issued) |

-1-

Plaintiff, United States Trustee for the Central District of California, Region 16 ("U.S. Trustee" or "Plaintiff"), hereby alleges as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (J) and/or (O).

3. This adversary proceeding arises out of the Chapter 7 case of debtor Hao Wang, Case No. 6:18-bk-14917-SC ("Bankruptcy Case").

4. To the extent this dispute involves any non-core matters, and/or matters in which a bankruptcy judge may not enter final judgment without the parties' consent, Plaintiff consents to the entry of final judgment by the Court.

## II. GENERAL ALLEGATIONS

5. Plaintiff is the duly appointed United States Trustee for Region 16, which comprises the Judicial District of the Central District of California.

6. Debtor Hao Wang ("Defendant"), with the assistance of counsel, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on June 11, 2018 ("Petition Date").

7. Defendant is an individual residing in the State of California and within the Central District of California.

## III. STATEMENT OF STANDING

8. Plaintiff has standing to bring this action under 11 U.S.C. §§ 307 and 727 and Federal Rule of Bankruptcy Procedure 7001(4).

//
//
//
//
//

-2-

## IV. GENERAL ALLEGATIONS

9. This proceeding involves Defendant's attempts to hinder, delay and defraud creditors and the Chapter 7 Trustee.

### A. Prior To His Filing, Defendant Sells His Interests In His Companies.

10. On information and belief, within two years of the Petition Date, Defendant engaged in a series of transactions with the ostensible purpose of assisting a creditor, Xuxe Gong, obtain permanent residency in the United States.

11. Defendant and his non-filing spouse serve as the owners of a California corporation, JWCS Corp. ("JWCS"). On August 10, 2016, the Defendant sold six hundred and fifty of his shares in JWCS to one his companies, Michael's Cajun Seafood, Inc., for $50,000 ("Share Transfer Agreement").

12. Defendant subsequently converted Michael's Cajun Seafood, Inc. to a limited liability company ("Michael's Cajun Seafood"). On September 12, 2016, Defendant and Ms. Gong's company, Kunshan Zhenxing Construction Co., Ltd. ("Kunshan Limited"), a company incorporated under the laws of the People's Republic of China, signed a membership interest purchase agreement ("Membership Interest Purchase Agreement").

13. In the Membership Interest Purchase Agreement, Defendant agreed to sell fifty-one percent of his interests in Michael's Cajun Seafood to Kunshan Limited for $200,000.

14. Eight days later, on September 20, 2016, Defendant received a series of wire transfers totaling $200,000 into his personal bank account.

15. On December 28, 2016, Defendant and Kunshan Limited signed a second membership interest purchase agreement ("Second Membership Interest Purchase Agreement").

16. In the Second Membership Purchase Agreement, Defendant agreed to sell forty-four percent of his interests in Michael's Cajun Seafood to Kunshan Limited for, among other things, a contribution of $100,000 to purchase the interests in another entity and a payment of $150,000.

17. Defendant received a series of wire transfers totaling $150,000 into his personal bank account on January 27, 2017. Michael's Cajun Seafood also received $100,000 in a series of wire transfers on the same date.

18.   On December 28, 2016, Ms. Gong signed a promissory note for a principal amount of $50,000 in favor of Crazy Crab, LLC ("Promissory Note"). Along with the Promissory Note, Defendant signed a guarantee in his capacity as managing member of Michael's Cajun Seafood.

19.   The U.S. Trustee is informed and believes and based thereon that the Defendant and his non-filing spouse are the owners, principals, and interest holders of Crazy Crab, LLC.

**B.     Defendant Fails To Disclose His Pre-Petition Transfers In His Schedules.**

20.   On June 11, 2018, Defendant filed a Chapter 7 Petition, Schedules, Statement of Financial Affairs (sometimes referred to as "SOFA") and related case commencement documents. Defendant signed the Schedules and SOFA under penalty perjury, declaring that the information set forth in those documents was true and correct.

21.   SOFA Question 18 requires a debtor to disclose whether within two years of the petition date, they sold, traded, or otherwise transferred property, other than property transferred in the ordinary course of business or financial affairs. If a debtor checks the "yes" box, the question requires the debtor to provide details such as the person who received the transfer, a description and value of property transferred, a description of the property or payments received or debts paid in the exchange, and the date the transfer was made.

22.   Defendant checked the "No" box in response to SOFA Question 18 and did not provide any additional details.

23.   Defendant's statement was false. He failed to disclose the Share Transfer Agreement and his receipt or entitlement to $50,000 under the agreement; he failed to disclose the sale of his shares in the Membership Interest Purchase Agreement and his receipt of $200,000; and he failed to disclose the Second Membership Interest Purchase Agreement and his receipt of $150,000.

24.   SOFA Question 27 requires debtors to disclose whether within four years before the petition date, they owned a business or, among other things, served as a member of a limited liability company or an officer, director, or managing executive of a corporation.

25.   Defendant disclosed that he held connections to Green Energy King, LLC, Feida Corp. and LA Crab, LLC.

26. Defendant's statement was false. Defendant failed to disclose his connections to JWCS, Michael's Cajun Seafood Inc. and/or Michael's Cajun Seafood LLC, Crazy Crab, LLC, and SFLH Seafood Empire, LLC.

27. SOFA Question 5 requires debtors to disclose whether they received income other than from operating a business or from wages. Defendant checked the "No" box.

28. Defendant's statement was false. He failed to disclose his receipt of funds under the Membership Interest Purchase Agreement and the Second Membership Interest Purchase Agreement.

29. Line 19 of Schedule B requires debtors to disclose whether they hold non-publicly traded stock and interests in incorporated and unincorporated businesses, including interests in LLCs, partnerships and joint ventures.

30. Defendant stated that he held interests in two entities, Green Energy King LLC and LA Crab LLC.

31. Defendant's statement was false because he failed to disclose his interests in JWCS, Michael's Cajun Seafood Inc. and/or Michael's Cajun Seafood LLC, Crazy Crab, LLC and SFLH Seafood Empire, LLC and the value of those entities.

**C.    Defendant Testifies Falsely At The Meeting Of Creditors.**

32. On July 19, 2018, the Chapter 7 Trustee conducted a meeting of creditors pursuant to 11 U.S.C. § 341.

33. Defendant appeared and testified under oath. Defendant swore to tell the truth.

34. Upon information and belief, Defendant's creditors appeared at the meeting of creditors.

35. The Chapter 7 Trustee asked Defendant whether:

    a. he signed the Schedules, Statement of Financial Affairs and documents that he filed with the bankruptcy court. Defendant testified "Yes."

    b. he reviewed the Schedules, Statement of Financial Affairs and documents that he filed with the bankruptcy court before signing. Defendant testified "Yes."

    c. he was personally familiar with the information contained in the Schedules, Statement of Financial Affairs and documents that he filed with the bankruptcy court. Defendant testified "Yes."

    d. all the information in the Schedules, Statement of Financial Affairs and documents that he filed with the bankruptcy court was true and correct. Defendant testified "Yes."

    e. his Schedules, Statement of Financial Affairs and documents that he filed with the bankruptcy court contained any errors or mistakes in the paperwork. Defendant testified that he did not think so.

36. Finally, the Chapter 7 Trustee asked Defendant whether he transferred any property within the last four years. Defendant testified "No."

37. Defendant's testimony was false because he failed to disclose the transfers under the Share Transfer Agreement; Membership Interest Purchase Agreement; Second Membership Interest Purchase Agreement; and the Promissory Note and his receipt of payments and/or his entitlement to receive payments under those agreements.

**D. Defendant Obstructs The Chapter 7 Trustee's Investigation Prompting The Chapter 7 Trustee To Seek An Order Compelling Defendant To Produce Documents Of His Financial Affairs.**

38. As part of his efforts to identify assets that can be liquidated for the benefit of creditors, on August 7, 2018 the Chapter 7 Trustee requested Defendant to produce documents regarding Defendant's financial condition and pre-petition transactions.

39. Specifically, the Chapter 7 Trustee requested the Defendant to produce documents evidencing Defendant's connections to disclosed and undisclosed business entities; notes receivables, insurance policies; and state and federal tax returns for two years prior to the filing.

40. Defendant did not provide a complete response to the Chapter 7 Trustee's requests for information.

41. As a result, on March 13, 2019, the Chapter 7 Trustee moved for an order compelling Defendant to produce documents.

42. The Court entered an order on April 22, 2019, requiring Defendant to cooperate with the Chapter 7 Trustee and to produce documents specified in the order ("Document Production Order"). The Chapter 7 Trustee served the Document Production Order on Defendant.

43. Defendant did not contest or appeal the Document Production Order.

44. Defendant failed to comply with the Document Production Order.

45. The Chapter 7 Trustee held continued meetings of creditors on October 3, 2018, October 17, 2018, and November 26, 2018. Defendant failed to appear.

46. Creditors appeared at the meetings but were unable to examine Defendant.

47. To date, Defendant has not produced any documentation that would explain his pre-petition business transactions or financial activity. Creditors and the Chapter 7 Trustee are unable to ascertain Defendant's financial affairs and current assets.

## FIRST CLAIM FOR RELIEF

### (Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(6))

48. The U.S. Trustee re-alleges and incorporates herein by reference each of the allegations in paragraphs 1 through 47, as though fully set forth herein.

49. 11 U.S.C. § 727(a)(6) requires the denial of discharge where a debtor has refused, in the case, to obey any lawful order of the court, other than an order to respond to a material question or to testify.

50. The Document Production Order required Defendant to produce documents to the Chapter 7 Trustee. Defendant did not comply with the Document Production Order.

51. Defendant's refusal was deliberate and intended to prevent the Chapter 7 Trustee and creditors from ascertaining the full extent of Defendant's pre-petition transactions and current assets.

52. Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(6).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as set forth herein below:

## SECOND CLAIM FOR RELIEF

### (Denial of Discharge Pursuant To 11 U.S.C. § 727(a)(4)(D))

53. Plaintiff re-alleges and incorporates each of the allegations contained in paragraphs 1 through 52 above, inclusive, as if set forth fully herein.

54. 11 U.S.C. § 727(a)(4)(D) requires denial of a discharge if a debtor withholds from an officer of the estate entitled to possession, any recorded information relating to the debtor's property or financial affairs.

55. The Chapter 7 Trustee requested, on several occasions, financial information relating to Defendant's property and financial affairs.

56. Defendant failed to comply with the Chapter 7 Trustee's requests.

57. Accordingly, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(D).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as set forth herein below:

## THIRD CLAIM FOR RELIEF

### (Denial of Discharge Pursuant To 11 U.S.C. § 727(a)(5))

58. The U.S. Trustee re-alleges and incorporates herein by reference each of the allegations in paragraphs 1 through 57, as though fully set forth herein.

59. 11 U.S.C. § 727(a)(5) requires the denial of discharge where a debtor fails to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities.

60. Within two years of the petition date, Defendant received in excess of $350,000 from the sale of his interests.

61. On the Petition Date, Defendant's bank accounts held less than $22.

62. Despite requests by the Chapter 7 Trustee, Defendant has not provided an accounting or explained his dissipation of the sale proceeds.

63. Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as set forth herein below:

## FOURTH CLAIM FOR RELIEF

**(Denial of Discharge Pursuant To 11 U.S.C. § 727(a)(3))**

64. Plaintiff re-alleges and incorporates each of the allegations contained in paragraphs 1 through 63 above, inclusive, as if set forth fully herein.

65. 11 U.S.C. § 727(a)(3) requires denial of a discharge if a debtor has concealed or failed to keep or preserve any recorded information from which a debtor's financial condition or business transactions might be ascertained.

66. The Document Production Order required Defendant to produce his financial records. Defendant failed to produce, without justification, adequate records of his financial condition and business transactions. Defendant's failure to produce adequate records have made it impossible to ascertain Defendant's financial condition and material business transactions.

67. Accordingly, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as set forth herein below:

## FIFTH CLAIM FOR RELIEF

**(Denial of Discharge Pursuant To 11 U.S.C. § 727(a)(4))**

68. Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 67, as though fully set forth herein.

69. Under 11 U.S.C. § 727(a)(4)(A), a Court shall not grant a debtor a discharge if the debtor knowingly and fraudulently, in or in connection with a case, made a false oath or account.

70. As set forth in paragraphs 20-31 above, Defendants' SOFA and Schedules contain false oaths because Defendant failed to disclose the sale of his shares in the Share Transfer Agreement, Membership Interest Purchase Agreement, and the Second Membership Interest Purchase Agreement and his receipt or entitlement to funds pursuant to those agreement.

71. Defendant also failed to disclose his connections to and interests in numerous business entities.

72. At his meetings of creditors, Defendant testified falsely to the accuracy of his Schedules.

73. Defendant knowingly and fraudulently made false oaths in their testimony at the meeting of creditors, Schedules and Statement of Financial Affairs.

74. Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

**WHEREFORE,** Plaintiff prays for judgment against Defendants as set forth herein below:

## PRAYER FOR RELIEF

A. That the Court deny Defendant's discharge pursuant to 11 U.S.C. § 727(a).

B. For costs of suit and attorney's fees as allowed by law incurred herein.

C. For such other and further relief as the Court deems just and proper.

Dated: October 11, 2019

UNITED STATES TRUSTEE FOR
THE CENTRAL DISTRICT OF CALIFORNIA,
REGION 16

By:   /s/ Everett L. Green
      Everett L. Green
      Trial Attorney